UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MICHAEL JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02478-JMS-MPB |
| | ) | |
| JOHN R. LAYTON, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Granting Defendant's Motion for Summary Judgment
And Directing Entry of Final Judgment**

Plaintiff Christopher Michael Johnson filed this civil rights action alleging that he was held for three days in a cell at the Marion County Jail without running water and with dried feces on the bars. Now before the Court is defendant John R. Layton's motion for summary judgment. Dkt. 28. The motion is fully briefed. The Court construes Mr. Johnson's "motion for summary judgment," dkt. 33, as a response to Sheriff Layton's motion.

For the reasons below, Sheriff Layton's motion for summary judgment, dkt. [28], is **granted**.

To the extent Mr. Johnson intended to file a cross-motion for summary judgment, that motion, dkt. [33], is **denied** as untimely. The parties' summary judgment motions were due August 6, 2019. Dkt. 23. Mr. Johnson did not file his "motion" until September 10, 2019. In any event, for the same reasons that Sheriff Layton is entitled to judgment as a matter of law, Mr. Johnson is not.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a

1

matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to specific portions of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited by an adverse party do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609−10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and need not "scour the record" for potentially relevant evidence. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 573−74 (7th Cir. 2017) (quoting *Harney v. Speedway SuperAmerica,*

*LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008)). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson*, 477 U.S. at 255.

## II. Factual Background

John R. Layton is the Marion County Sheriff. The Marion County Sheriff manages the Marion County Sheriff's Office, one division of which is the Marion County Jail. Dkt. 29-7 at 2. The Marion County Jails house a daily average of 2,500 inmates.

Mr. Johnson was housed at the Marion County Jail from December 2017 to sometime in 2019. On July 27, 2018, he was moved to cell 2O5. Dkt. 29-1 at 2. Upon arrival, he noticed dried debris—which he believed to be fecal matter—on the bars of his cell. Dkt. 29-2 at 10−11. When he tried to clean his cell, he found that the cell's sink did not work. *Id.* at 18−19. Mr. Johnson had another inmate press a call button and informed an officer over the intercom that there was fecal matter on the bars of his cell and that he had no water because the sink did not work. *Id.* at 18−19.

On July 28, 2018, Mr. Johnson filed a grievance for the broken sink and cell conditions. *Id.* at 19−20; dkt. 29-3. Sergeant Moore—who is not a party in this action—acknowledged the grievance on July 30, 2018. Dkt. 29-3. That same day, Mr. Johnson was moved out of cell 2O5 to a different cell in the block. Dkt. 29-2 at 24.

As an adherent of Islam, Mr. Johnson prays five times daily and is required to clean before each prayer session. *Id.* at 27. While he was housed in cell 2O5, he could not clean before prayer. *Id.* at 21.

At no time from July 27 to July 30, 2018, did Mr. Johnson request water to be brought to his cell. *Id.* at 29.

Sheriff Layton received no communication from Mr. Johnson between July 27 and July 30, 2018. Dkt. 29-7 at 2.

## III. Discussion

Mr. Johnson raises individual-capacity and official-capacity claims against Sheriff Layton under the Fourteenth Amendment, the First Amendment, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

### A. Individual-Capacity Fourteenth Amendment Claim

In July 2018, Mr. Johnson was a pretrial detainee, so his cell-conditions claims are brought under the Due Process Clause of the Fourteenth Amendment. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015). "A pretrial detainee is entitled to be free from conditions that amount to 'punishment.'" *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015).

Mr. Johnson's brings this claim under 28 U.S.C. § 1983, which "'does not allow actions against individuals merely for their supervisory role of others.'" *Doe v. Purdue University*, 928 F.3d 652, 664 (7th Cir. 2019) (quoting *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000)). "To be liable, a supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* (internal quotation omitted).

There is no evidence that Sheriff Layton knew of the conditions in Mr. Johnson's cell, let alone caused them, condoned them, or ignored them. Sheriff Layton had no interaction or communication with Mr. Johnson during the relevant time. Dkt. 29-7 at 2. Sheriff Layton did not perform the work of jail custody staff; he ran an organization with nearly 1,000 employees and a $100 million budget. *Id.* at 1−2.

No factfinder could conclude that Sheriff Layton was personally responsible for the conditions of Mr. Johnson's cell between July 27 and July 30, 2018. Accordingly, Sheriff Layton is entitled to judgment as a matter of law on this claim.

### B. Official-Capacity Fourteenth Amendment Claim

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). To survive summary judgment on this claim, Mr. Johnson must produce evidence of "the existence of an 'official policy' or other governmental custom that not only causes but is the 'moving force' behind the deprivation of constitutional rights." *Teesdale v. City of Chicago*, 690 F.3d 829, 833−34 (7th Cir. 2012) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388−89 (1989)). Evidence of a failure to make a policy can also support such a claim. *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 381 (7th Cir. 2017). But without an actual policy to point to, a plaintiff raising an official-capacity claim must produce evidence of multiple incidents of unconstitutional activity. *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005).

Mr. Johnson has presented no evidence that would allow a jury to find a policy, practice, or custom of housing inmates in cells without running water. On the contrary, the Marion County Jail is inspected annually to ensure that each cell has access to hot and cold running water. Dkt. 29-8 at 2. And Mr. Johnson was moved within two days of filing a grievance about his cell conditions, negating any inference that the jail had a policy or practice of housing inmates in cells without running water. Sheriff Layton is therefore entitled to judgment as a matter of law on Mr. Johnson's official-capacity Fourteenth Amendment claim.

### C. RLUIPA and First Amendment Claims

Mr. Johnson alleges that his lack of access to running water violated the First Amendment because he was required to wash before daily prayer. The Court construed Mr. Johnson's

complaint as also raising a RLUIPA claim. Mr. Johnson raises the First Amendment and RLUIPA claims against Sheriff Layton in his individual and official capacities.

Sheriff Layton argues that Mr. Johnson cannot seek damages under RLUIPA in an official-capacity or individual-capacity claim. Dkt. 30 at 13−14. Sheriff Layton is correct that RLUIPA does not provide a cause of action against government employees in their individual capacity. *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). And RLUIPA damages also are unavailable against *state* officials in their official capacity. *Sossaman v. Texas*, 563 U.S. 277, 288 (2011). But Marion County is not a state. And "money damages are available under RLUIPA against political subdivisions of states, such as municipalities and counties." *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 290 (5th Cir. 2012); *Centro Familiar Cristiano Buenas Nuevas v. City of Yuma*, 651 F.3d 1163, 1168 (9th Cir. 2011) (same).

Sheriff Layton rightly argues, however, that Mr. Johnson has failed to show a triable issue of fact for his First Amendment and RLUIPA claims. RLUIPA provides "greater protection" of religious rights than the First Amendment, *Holt v. Hobbs,* 574 U.S. 352, 135 S. Ct. 853, 862 (2015), so the Court will apply RLUIPA's standard to Mr. Johnson's claim. Under RLUIPA, the government may not "impose a substantial burden on the religious exercise of a person residing in or confined to an institution" unless "imposition of the burden on that person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). "[A] substantial burden is one that 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Neely-Bey Tarik El v. Conley*, 912 F.3d 989, 1003 (7th Cir. 2019) (quoting *Thomas v. Review Bd.*, 450 U.S. 707, 718 (1981)).

Sheriff Layton did not impose a rule prohibiting Mr. Johnson from cleaning before prayer. Mr. Johnson's sink broke. Mr. Johnson could have asked jail officials for water to clean before prayer, but he did not. Dkt. 29-2 at 29. And he has produced no evidence that he informed jail officials he needed access to water for a religious purpose. In short, there is no evidence that the Marion County Jail imposed a substantial burden on Mr. Johnson's religious exercise. Under these facts, Sheriff Layton is entitled to judgment as a matter of law on Mr. Johnson's RLUIPA and First Amendment claims.

## IV. Conclusion

There is no evidence that Sheriff Layton was personally responsible for the broken sink in Mr. Johnson's cell, and there is no evidence of a Marion County Jail policy, practice, or custom of housing inmates in cells without running water. Also, Mr. Johnson has failed to present evidence that Sheriff Layton imposed a substantial burden on his religious exercise. Accordingly, Sheriff Layton's motion for summary judgment, dkt. [28], is **granted**. Mr. Johnson's claims are dismissed with prejudice. Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 9/19/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER MICHAEL JOHNSON
270993
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Anne Celeste Harrigan
OFFICE OF CORPORATION COUNSEL
anne.harrigan@indy.gov

Anthony W. Overholt
FROST BROWN TODD LLC (Indianapolis)
aoverholt@fbtlaw.com

Adam Scott Willfond
OFFICE OF CORPORATION COUNSEL
adam.willfond@indy.gov